UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JULIE REGINA,

    Plaintiff,                                                    CASE NO.:

vs.

THE WEISS GIFTED AND TALENTED
SCHOOL, INC., d/b/a THE WEISS SCHOOL

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, JULIE REGINA (hereinafter "REGINA" or "Plaintiff"), by and through the undersigned Counsel, and sues the Defendant, THE WEISS GIFTED AND TALENTED SCHOOL, INC. (hereinafter "THE WEISS SCHOOL" or "Defendant"), and alleges the following:

### JURISDICTION AND VENUE

1. This is a civil action with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claim arising under the Age Discrimination in Employment Act, 29 U.S.C. §§ 12201 et seq. This Court has supplemental jurisdiction over Plaintiff's related claim arising under state law pursuant to 28 U.S.C. § 1367.

3. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b) because all actions relevant giving rise to this claim arose in this Judicial Circuit.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to the maintenance of this action have been met.

5. On or about July 1, 2016, Plaintiff REGINA timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of said Charge is attached hereto as **Exhibit "A."**

6. On May 9, 2019, after a lengthy investigation, the EEOC determined it was "unable to conclude that the information obtained establishes violation of the statutes." The EEOC continued by noting, "[t]his does not certify that the [THE WEISS SCHOOL] is in compliance with the statutes."

7. In the same response on May 9, 2019, the EEOC issued a Notice of Right to Sue. A copy of said Notice of Right to Sue along with the aforementioned determination is attached hereto as **Exhibit "B."**

8. REGINA has timely filed this suit in accordance with the ninety (90) day window after her receipt of the EEOC Notice of Right to Sue.

## PARTIES

9. Plaintiff REGINA was born on November 14, 1959. At all times of relevance herein mentioned, REGINA was a female over the age of fifty-five (55) who resided in Palm Beach County, Florida, during her employment with THE WEISS SCHOOL. REGINA is now fifty-nine (59) years old and continues to reside in Palm Beach County, Florida.

10. REGINA was and is a member of a group protected under the Age Discrimination in Employment Act of 1967 and the Florida Civil Rights Act of 1992, namely she is fifty-five (55) years old or older.

11. THE WEISS SCHOOL is duly authorized and licensed to do business in Palm Beach County, Florida. At all times material, THE WEISS SCHOOL was and is engaged in the business of providing a private education for "gifted" children of the community, with more than twenty (20) employees. As such, THE WEISS SCHOOL is an "employer" as defined by the Florida Civil Rights Act of 1992.

## GENERAL ALLEGATIONS

12. Plaintiff was employed by THE WEISS SCHOOL from in or around 2004 to 2016.

13. Plaintiff began her employment with the Defendant as a Second Grade Teacher and through her hard work and dedication to THE WEISS SCHOOL, received several promotions, ultimately becoming the Assistant Head of School and Middle School Principal. In that capacity, Plaintiff had at least thirty-one (31) specifically enumerated responsibilities, varying as far and wide as "work[ing] to produce smooth day to day internal operations" and "act[ing] as the Head of School in the Head's absence" to "partcipat[ing] in the admission process" and "oversee[ing] the social emotional needs of all of [the Defendants] middle students."

14. Upon becoming Assistant Head of School, REGINA reported directly to the Head of School at the time. REGINA received only positive reviews from this former Head of School.

15. At some point prior to Plaintiffs termination, a directive came down from the THE WEISS SCHOOL's Board of Directors to push out or terminate any employees who did not meet the "new" image of the school. Specifically, the Board of Directors sought to purge THE WEISS SCHOOL of its older employees.

16. In order to carry out this goal, THE WEISS SCHOOL replaced the Head of School, hiring Dr. Tammy Ferguson (hereinafter "Ferguson") on or about January 2016 to take over the position. REGINA reported directly to Ferguson.

17. Consistent with THE WEISS SCHOOL's Board of Director's directive and the "new image" of the school, Ferguson began targeting specific employees for termination with the sole basis being that these employees did not meet THE WEISS SCHOOL's "new image". Each employee was fifty-five years of age or older. These employees, one-by-one, were either terminated outright or otherwise began suffering adverse employment consequences including pay decreases/demotion with the intended goal of forcing these employees to quit.

18. Despite having only positive performance reviews and with no prior warning, on or about May 11, 2016, REGINA was informed by Ferguson that her employment contract with THE WEISS SCHOOL would not be renewed for the 2016-2017 school year and that she would not return to the school.

19. On or about May 11, 2016, REGINA verbally inquired with Ferguson about whether any positions at THE WEISS SCHOOL would be available that REGINA would be considered for. Ferguson advised REGINA that there were no available positions. Subsequently, REGINA spoke with THE WEISS SCHOOL Board of Director member William "Bill" Tillson, who indicated that positions were available at THE WEISS SCHOOL.

20. Ferguson refused to offer REGINA a position wherein she was qualified to perform duties comparable to her former position as Assistant Head of School and Middle School Principal, when such positions existed. Further, Ferguson did not advise REGINA of any other available positions for which REGINA was qualified.

21. Ferguson failed to provide REGINA with a current performance evaluation, although the two previous Head of Schools would regularly give excellent evaluations.

22. On May 26, 2016 (REGINA's last day at the school), Ferguson attempted to coerce REGINA into executing a letter that contained intentionally erroneous information regarding

REGINA's alleged refusal of an offer dated May 11, 2016, which REGINA never received, to take a position as a language arts teacher. THE WEISS SCHOOL neither offered nor advised REGINA of the availability of any other employment position, including this supposed language arts position, contrary to the letter drafted by Ferguson dated May 26, 2016. Further, had it actually been offered, the language arts position would have been a lower paying position and a significant demotion.

23. At the time of her termination, REGINA was a member of the class of individuals over the age of 40 protected by the civil rights laws referenced within. REGINA, specifically, was over the age of 55.

24. At the time of her termination, REGINA was qualified for the positions which she held.

25. REGINA was involuntarily denied employment opportunities, promotions, and was ultimately terminated from employment with THE WEISS SCHOOL.

26. REGINA's contractual position was replaced by two younger employees on the basis of age stereotyping and age discrimination. Further, REGINA's position was never advertised.

27. REGINA was required by the Defendant to meet with one of her younger replacements in order to explain to the younger replacement the job duties which she would be taking over from REGINA. This caused REGINA to suffer significant humiliation and embarrassment.

28. THE WEISS SCHOOL's stated reasons for the failure to consider REGINA for alternative employment opportunities, failure to promote her for positions which she was qualified,

5

failure to post open positions, and ultimately the termination of her employment are all a pretext for unlawful discrimination on the basis of age.

29. REGINA has been the victim of disparate treatment on the basis of age.

30. But for the firing of REGINA and the filing of EEOC charges by REGINA and other similarly situated employees, this pattern of age-based discrimination and firings would have continued.

## COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

31. Plaintiff REGINA incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

32. The FCRA, Fla. Stat. Chapter 760.10(1)(a), reads in applicable part, as follows: "It is an unlawful employment practice for an employer: (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, **age**, handicap, or marital status."

33. THE WEISS SCHOOL is an "employer" as defined by § 760.09(7) of the Florida Statutes.

34. REGINA is a fifty-nine (59) year-old female who is guaranteed specific civil rights under the Florida Civil Rights Act of 1992, Fla. Stat. 760.10 et. seq.

35. THE WEISS SCHOOL's unlawful employment practices, complained of above, deprived REGINA of her statutory rights under the FCRA.

36. Other similarly situated employees who were not fifty-five years old or older were treated more favorably than REGINA by THE WEISS SCHOOL and its supervisors, including but not limited to the following:

6

    a. Younger, less accomplished employees retained their positions while REGINA was terminated.

    b. Younger, less accomplished individuals were hired in place of REGINA with the stated goal of giving the school a "new image".

    c. Younger, less accomplished individuals were paid at higher rates of pay than REGINA

  37. THE WEISS SCHOOL and its employees/agents discriminated against REGINA with respect to her employment by terminating her based on her age.

  38. THE WEISS SCHOOL's actions are violations of the FCRA because THE WEISS SCHOOL discriminated against REGINA in the loss of compensation, terms and conditions and/or privileges of REGINA's employment and thereby damaged her.

  39. As a direct and proximate result of THE WEISS SCHOOL's conduct and its employees' actions, REGINA has suffered irreparable harm through her loss of gainful employment and through the loss of valuable employment benefits, including group health insurance, life insurance, and disability insurance, all of which she would have continued to receive had she not been unlawfully terminated.

  40. What is more, the unlawful employment practices complained of above committed by THE WEISS SCHOOL were willful, wanton, intentional and with malice or with reckless indifference to REGINA's statutorily protected rights, such that REGINA is entitled to punitive damages.

  41. REGINA has been required to retain the legal services of the undersigned Counsel to enforce her rights under the FCRA and is required to pay her attorney a reasonable fee for services rendered in this cause.

WHEREFORE, Plaintiff, JULIE REGINA, demands judgment for damages, punitive damages, interest, costs, attorney's fees, and requests injunctive relief, including, but not limited to, back pay, front pay, loss of employment benefits and enjoinment of Defendant from any further discrimination against Plaintiff, and for all other relief, legal and equitable, that the Court deems appropriate.

### COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 12201 ET SEQ.

42. Plaintiff REGINA incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

43. REGINA was fifty-six (56) years old and qualified for her position and other positions with THE WEISS SCHOOL when her employment was terminated.

44. Upon information and belief, THE WEISS SCHOOL replaced REGINA with two younger employees.

45. REGINA suffered damages as a result of THE WEISS SCHOOL's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

46. THE WEISS SCHOOL willfully violated REGINA's rights under the ADEA and, as a result, is liable for liquidated damages.

WHEREFORE, Plaintiff, JULIE REGINA, demands judgment for damages, liquidated damages, interest, costs, attorney's fees, and requests injunctive relief, including, but not limited to, back pay, front pay, loss of employment benefits and enjoinment of Defendant from any further discrimination against Plaintiff, and for all other relief, legal and equitable, that the Court deems appropriate.

## **JURY TRIAL DEMAND**

Plaintiff, JULIE REGINA, demands a trial by jury on all issues so triable.

Dated July 11, 2019.

**The Law Office of Gregory S. Sconzo, P.A.**
5080 PGA Boulevard, Suite 213
Palm Beach Gardens, FL 33408
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
ANDREA C. SCONZO. ESQUIRE
Florida Bar No.: 0105578
**Primary Email:** greg@sconzolawoffice.com
**Email**: andrea@sconzolawoffice.com