**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
WEST PALM BEACH DIVISION

CASE NO. 9:19-cv-80913-ALTMAN

JULIE REGINA,

Plaintiff,

v.

THE WEISS GIFTED AND TALENTED
SCHOOL, INC., d/b/a THE WEISS SCHOOL;

Defendant.
_______________________________________/

**DEFENDANT THE WEISS SCHOOL'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**[1]

Defendant the Weiss Gifted & Talented School, Inc. ("Weiss School") submits this Statement of Material Facts in Support of its Motion for Summary Judgment pursuant to Local Rule 56.1(a) and states that there is no issue of fact to be tried concerning the following facts.

**General Background**

1. The Weiss School is a private, non-profit school that educates gifted students in PreK-3 through eighth grade. Ferguson Decl. at ¶ 2, ECF No. 34-1. The Weiss School is accredited by the Florida Counsel of Independent Schools ("FCIS"). *See* Pl. Dep. at 15:1–9, ECF No. 34-2.

2. Plaintiff Julie Regina was born on November 14, 1959. Pl. Dep. at 10:14–15, ECF No. 34-2. Plaintiff holds a bachelor's degree in elementary education and a master's degree in education. *Id*. at 13:2–14:11, 21:5–7, 21:19–20, 217:19–20, 251:15–18. She does not hold any degree in accounting, education leadership, or education administration. *See id.* Nor does she hold

[1] Defendant sets forth these facts as uncontroverted solely for purposes of its Motion for Summary Judgment given the standards applicable to that motion.

any certificates or endorsements to serve as a school administrator. *Id*. at 20:25–21:4.

3. After working as a teacher and in various other roles at the Weiss School for several years, plaintiff was promoted to assistant head of school—a position she held from 2013 to 2016. Pl. Dep. at 62:20–25, 76:6–7, ECF No. 34-2.

4. In this role plaintiff reported directly to the Head of School, who was responsible for all aspects of the Weiss School's operations including all hiring and firing decisions. Pl. Dep. at 140:4–141:4, ECF No. 34-2; Spirou Dep. at 30:16–24, ECF No. 34-6. At the time of plaintiff's promotion, Dr. Denise Spirou was the Head of School. *See* Pl. Dep. at 47:16–18, ECF No. 34-2.

5. Based on the job description created by plaintiff, her job duties as the assistant head of school included "produc[ing] smooth day to day internal operations," "participat[ing] in the life of the school," "maintain[ing] presence in the classrooms," coordinating "lesson plan meetings" with teachers, and providing general assistance to the Head of School. Pl. Dep. at 31:4–14, 105:25–108:18, ECF No. 34-2; Pl. Dep. Ex. 5, Pl. Job Description at 1–3, ECF No. 34-3.

6. Plaintiff was not responsible for the budget at the Weiss School. Pl. Dep. at 217:25–218:7, ECF No. 34-2; Pl. Job Description at 1–3, ECF No. 34-3. The budget was prepared by the chief financial or operating officer in collaboration with the Head of School and was then submitted to the board for approval. Pl. Dep. at 217:25–218:7, ECF No. 34-2; Ferguson Dep. at 95:16–25, ECF No. 34-7; Collum Dep. Ex. 30, Collum Job Description, ECF No. 34-10.

## FCIS Mandated Changes and Improvements

7. In September 2015, FCIS preformed a comprehensive review and evaluation of the Weiss School as part of its regular reaccreditation review. Pl. Dep. at 222:8–223:7, ECF No. 34-2; Pl. Dep. Ex. 14, FCIS Report, ECF No. 34-5.

8. In its review of the Weiss School's finances, FCIS noted that for the 2015 fiscal year the "school ended with a deficit of $282,395." *See* FCIS Report at Weiss-Regina-000727,

ECF No. 34-5; Pl. Dep. at 224:25–225:2, ECF No. 34-2. Plaintiff admits that this type of deficit reflects a budgetary concern that would be require action by the administration. Pl. Dep. at 225:4–7, ECF No. 34-2.

9. One of the FCIS recommendations concerned the Weiss School's asset-to-liability ratio. FCIS Report at Weiss-Regina-000727–28, ECF No. 34-5. "Essentially, this ratio puts all of the School's property and the money that other people owe to the School on one side of a balance and the School's financial obligations on the other side." Collum Decl. at ¶ 3, ECF No. 34-11.

10. FCIS calculated the asset-to-liability ratio to be 0.8:1, which it considered unacceptable. *See* FCIS Report at Weiss-Regina-000727, ECF No. 34-5. Plaintiff has no evidence or reason to contradict the FCIS calculation. Pl. Dep. at 225:16–21, ECF No. 34-2.

11. In order to meet accrediting standards, the Weiss School was required to improve this measure, which would require the Weiss School "to increase revenues, decrease expenses, or do both." Collum Decl. at ¶ 3, ECF No. 34-11.

12. FCIS also determined that the Weiss School should hire a "full-time counselor." FCIS Report at 15, ECF No. 34-5; Pl. Dep. at 227:20–228:23, ECF No. 34-2. Although plaintiff had been providing some support for students, she "didn't have the credentials to be a guidance counselor" and, therefore, was not qualified for that position. Spirou Dep. at 49:24–50:05, ECF No. 34-6; Pl. Dep. at 21:22, ECF No. 34-2 ("I do not have a degree in school counseling"); *see also* Ferguson Dep. at 66:24–67:1, ECF No. 34-7.

13. Failure to follow these FCIS recommendations could have led the Weiss School to placed on probation or lose its accreditation. Spirou Dep. at 133:6–18, ECF No. 34-6.

**The Weiss School Hired Tammy Ferguson and Rudolph Collum**
**<u>to Improve the School and Implement the FCIS Recommendations</u>**

14. Shortly after FCIS issued its report, Dr. Spirou tendered her resignation as Head of

School in October 2015. Spirou Dep. at 14:2–14:12, ECF No. 34-6. She did so because the board asked her to reorganize the staff and put "parents in their place," but she "[did not] want to do it" and recommended that the Weiss School should hire "somebody that . . . doesn't have the emotional aspect of it and is just very business-oriented." *Id.* at 17:20–18:20.

15. After Dr. Spirou resigned, the Weiss School's board, which is responsible for selecting the Head of School, began a search for Dr. Spriou's replacement. *See* Pl. Dep. at 111:21–24, 140:16–25, ECF No. 34-2.

16. The board interviewed and ultimately hired Dr. Tammy Ferguson for the Head of School position in December 2015 to take the Weiss School "out of a deficit model and follow FCIS recommendations." Ferguson Dep. at 27:20–29:22, 84:16–19, ECF No. 34-7; Ferguson Decl. at ¶ 3, ECF No. 34-1; Pl. Dep. at 109:20–22, ECF No. 34-2.

17. Dr. Ferguson is well-qualified for the Head of School Position. She holds a bachelor's degree in business and technology education, a master's degree in educational leadership, and a doctorate in education. Ferguson Dep. at 11:4–9, 12:3–6, 12:13–15, ECF No. 34-7. Dr. Ferguson also has significant experience in the educational field, including more than 20 years as an educator and numerous administrative roles, including as Assistant Principal, Principal, and Director. *Id.* at 13:22–23:7; Ferguson Dep. Ex. 33, Dr. Ferguson's Resume, ECF No. 34-8.

18. During her interview process, Dr. Ferguson "walked the [board] through [her] education philosophy," her "background," "doing construction at two different schools, [and] expanding enrollment." Ferguson Dep. at 30:14–22, ECF No. 34-7.

19. Dr. Ferguson also explained to the board that she would only consider taking a position at the Weiss School if the school also hired Dr. Rudolph Collum. *See* Ferguson Dep. at 23:14–25:12, 26:19–27:7, 31:10–32:9, ECF No. 34-7.

20. Dr. Collum was also exceptionally well-qualified. He holds a bachelor's degree, a master's degree in educational leadership, and a doctorate in physical education. Collum Dep. at 13:05–22, 14:10–17, ECF No. 34-9. Collum also has substantial experience as an educator and administrator. *Id.* at 15:15–17, 82:25–88:22.

21. The Weiss School offered Dr. Collum a position as its Chief Operating Officer in December 2015 which he would "absorb[] all of the functions of the School's Chief Financial Officer." Collum Dep. at 16:18–20, 25:14–21, 26:18–23, ECF No. 34-9; Collum Decl. at ¶ 6, ECF No. 34-11. He is also "responsible for the Schools' financial reporting" and has "other responsibilities, none of which were responsibilities of the Assistant Heads of School." Collum Decl. at ¶¶ 4, 6, ECF No. 34-11.

**Dr. Ferguson Developed a Plan to Balance the Budget and Meet the School's Goals**

22. When she started working at the Weiss School, Dr. Ferguson's "top priority" was to "increase the asset to liability ratio for the school to meet accrediting standards." Ferguson Decl. at ¶ 4., ECF No. 34-1. Even plaintiff agrees that the "school's budget has to be carried out in a way that best serves the school," which includes ensuring that "its expenses are being met by the revenues." Pl. Dep. at 216:16–22, ECF No. 34-2.

23. Initially, Dr. Ferguson shadowed Dr. Spirou for several months, while gradually assuming responsibility for some day-to-day operations and assessing the staff, faculty, and administration. Ferguson Decl. at ¶ 6, ECF No. 34-1; Ferguson Dep. at 45:18–20, 46:23–47:2, 48:22–24, 49:21–24, ECF No. 34-7. This assessment included looking at "every person's schedule, their teaching time, percent of teaching time in front of students and evaluated that as to whether that should be a full-time position, part-time position or no position." Ferguson Dep. at 48:14–21, ECF No. 34-7.

24. Having conducted her assessment, Dr. Ferguson decided that she could absorb the

functions and duties performed by the two assistant heads of school in order to save money. Ferguson Decl. at ¶¶ 6–7, ECF No. 34-1; Collum Dep. at 11:4–10, ECF No. 34-9; Collum Decl. at ¶ 6, ECF No. 34-11. This staffing model was not novel. Under Dr. Spirou's leadership, the school did not have an assistant head of school from 2011 to 2013. Pl. Dep. at 63:1–64:12, ECF No. 34-2; Spirou Dep. at 57:13–58:1, ECF No. 34-6.

25. Dr. Ferguson made this decision without input from the board. Ferguson Dep. at 83:09–11, 96:10–17, ECF No. 34-7; Collum Dep. at 49:19–21, ECF No. 34-9.

26. The idea that the Weiss School would consider its budget when making employment decisions was nothing new. Before Dr. Ferguson was hired, Dr. Spirou considered the budget when she was deciding whether to renew employee's contracts. Spirou Dep. at 137:19–21, ECF No. 34-6. Indeed, plaintiff admits that in light of the FCIS report, "it would make sense not to go out and spend an awful lot of money after this recommendation came through, you wouldn't want to try to . . . spend a lot of money or start paying out astronomical amounts of money once that recommendation came through . . . you'd want to try and save as much as you could." Pl. Dep. at 226:5–16, ECF No. 34-2. That would include saving money on salaries where possible. *See id.* at 217:23–218:3 (the school "can't just go out and start paying people hundreds of thousands of dollars" when there is a "budget problem").

27. The "decision to eliminate [plaintiff's position] had nothing to do with Ms. Regina's age—or any other characteristic of Ms. Regina. It was based solely on [Dr. Ferguson's] obligation to be a good steward of the Weiss School's resources." Ferguson Decl. at ¶ 12, ECF No. 34-1.

28. Dr. Ferguson has not reinstituted the assistant head of school positions. Ferguson Dep. at 96:18–21, ECF No. 34-7; Collum Dep. at 63:25–64:2, ECF No. 34-9.

29. Dr. Ferguson's decision to eliminate the assistant head of school positions was not the only measure she took—it was part of a "larger plan" to fix the budget. Ferguson Dep. at 109:4–112:8, ECF No. 34-7. Dr. Ferguson also examined the teaching schedule to correct inefficiencies and, as a result, eliminated other positions. *Id*. In so doing, Dr. Ferguson discovered that plaintiff was responsible for creating inefficient schedules that negatively impacted the financial well-being of the school, including instances where teachers were paid full-time salaries for part-time work. *Id.* at 109:13–22, 110:21–25, 111:8–17, 112:5–8; Collum Dep. at 46:16–47:05, ECF No. 34-9 (plaintiff created a "very poor schedule" that "caused teacher inequity regarding teacher workloads within the school," created "financial implications," and failed to provide students with the "best educational opportunity that they should have").

30. Dr. Ferguson's plan also involved increasing revenues, e.g., by increasing student enrollment. Ferguson Dep. at 112:9–114:11, ECF No. 34-7. Therefore, she offered to hire a trusted former colleague, Brittany Steele Theimer ("Ms. Steele"), to serve as the new Director of Marketing, Admissions, & Communications. Ferguson Dep. at 57:17–23, 59:21–23, ECF No. 34-7; Steele Dep. at 16:4–16, ECF No. 34-12; Pl. Dep. at 179:2–5, ECF No. 34-2. Ms. Steele was hired in April 2016. Steele Dep. at 16:1–3, ECF No. 34-12.

31. Dr. Ferguson did not believe that plaintiff was qualified to be the Director of Admissions, Marketing, and Communications. Ferguson Dep. at 68:1–8, ECF No. 34-7.

32. Ms. Steel replaced the Weiss School's former director of communications, who had previously resigned. Ferguson Dep. at 56:2–12, ECF No. 34-7.

33. Ms. Steele's job duties included responsibilities that were not being performed by the prior director of communications that would be helpful in recruiting new students. Ferguson Dep. at 112:15–114:15, ECF No. 34-7; Steele Dep. at 18:4–21:21, ECF No. 34-12; Steele Dep.

Ex. 26, Steele Job Description, ECF No. 34-13.

34. Ms. Steele also had impressive qualifications to serve as a part of the Weiss School's administration. She holds a master's degree in Reading Education K-12 and an education specialist degree in education leadership.[2] Ferguson Dep. at 55:10–22, ECF No. 34-7; Steele Dep. at 9:17–11:21, ECF No. 34-12.

**Dr. Ferguson Tells Plaintiff About the Decision to Eliminate Her Position**

35. On May 11, 2016, plaintiff demanded an immediate meeting with Drs. Ferguson and Collum to inquire about her contract for the following school year. Ferguson Dep. at 73:6–14, 74:15–75:2, ECF No. 34-7; Collum Dep. at 54:4–55:3 ECF No. 34-9. Dr. Ferguson explained to plaintiff that her contract would not be renewed. *Id*.

36. Either the same day or the next day, Ferguson offered plaintiff another position at the school as a teacher. Ferguson Decl. at ¶ 7, ECF No. 34-1; Ferguson Dep. at 75:20–76:20, ECF No. 34-7; Collum Dep. at 55:14–56:16, ECF No. 34-9; Pl. Dep. Ex. 7, Pl. May 30, 2016 Letter at Plt's RTP 00016, ECF No. 34-4 (plaintiff writing that Ferguson "stated" on May 12, 2016 that the "Social Studies and Language Arts positions were being looked into if [plaintiff] wanted to have one of those jobs that [she] could choose which subject area").

37. On or about May 11 or 12, 2016, plaintiff announced that she would not return to work after May 26, 2016, even though her contract ended on June 30, 2016. Pl. Dep. at 76:6–16, ECF No. 34-2; Ferguson Dep. at 71:19–25, 89:5–91:5, ECF No. 34-7.

38. Plaintiff's decision to take this time off concerned Ferguson and showed plaintiff's unwillingness to help with the transition. Ferguson Dep. at 71:19–25, 89:5–91:5, ECF No. 34-7.

39. By May 20, 2016, plaintiff had not accepted the teaching position, so Dr. Ferguson

[2] An educational specialist degree is considered a terminal professional degree in education.

considered other qualified applicants. Ultimately, she hired two teachers she had worked with before: Kelsey Dougherty and Thomas Ievoli. Ferguson Decl. at ¶¶ 7–8, ECF No. 34-1; Ferguson Dep. at 77:1–79:20, 81:1–82:25, ECF No. 34-7.

40. Dr. Ferguson prioritized hiring people that she worked with before taking the position at the Weiss School, including Dr. Collum, Ms. Steele, Ms. Dougherty, and Mr. Ievoli, because she likes "working with the team that [she] can trust." Ferguson Dep. at 26:19–27:7, 31:10–32:9, 78:23–79:2, 82:24–25, ECF No. 34-7; Pl. Dep. at 176:2–20, ECF No. 34-2; Steele Dep. at 12:13–15, 41:6–24, ECF No. 34-12.

**Plaintiff is Not Qualified for an Administrative Role at the Weiss School**

41. After plaintiff's contract expired on June 30, 2016, she was hired in July 2016 to serve as the Director of Admissions and Marketing for another private school. She was fired from that job for poor performance including numerous errors in September 2016. Pl. Dep. at 76:17–77:2, 80:25–81:16, ECF No. 34-2; Delgado Decl. at Weiss-Regina-004002, ECF No. 34-14.

**Plaintiff's Allegations of Discrimination**

42. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission in 2016 alleging age discrimination because she was replaced by "two younger employees . . . Steele. . . and . . . Collum." Charge of Discrimination, ECF No. 33-4.

43. Plaintiff has no evidence that she was replaced by, Dr. Collum, Ms. Steele, or any younger employee:

> Q. I'm asking whether Dr. Ferguson, before she was hired, wanted to get rid of you and replace you with a younger employee?
>
> A. It's possible.
>
> Q. Okay. But do you have any evidence of that?
>
> A. No.
>
> Q. After Dr. Ferguson was hired, do you have any evidence that she wanted to eliminate your position because of your age?

> A. Based on my observations of what I'd seen, that's the way -- and all of the exclusion that I had been put through, like you said, I'm not being criticized for my role as an employee, I'm not being chastised for my role as an employee. Was I ever reprimanded in twelve years, no. So there was no base -- no reason to get rid of me based on my job performance, and there was a pattern of age discrimination that I observed happening in the school and I heard about it and seen it. As assistant head of school, I saw and heard a lot, and that's the reason -- and so that's my belief. Do I have anything else, no.

Pl. Dep. at 187:20–188:15, ECF No. 34-2; *Id.* at 186:18–21 ("Q. Do you have any evidence that the board planned to replace you with Dr. Collum or Ms. Steele before Dr. Ferguson started working at The Weiss School? A. No").

44. Plaintiff has alleged in her complaint that the Weiss School's board wanted to purge the school of older employees. Compl. at ¶ 15, ECF No. 1. Plaintiff has no evidence to support this bizarre allegation or to suggest that Dr. Ferguson knew of such a desire. Pl. Dep. at 111:18–20, 197:5–198:4, 199:13–22, ECF No. 34-2. Nor was such an instruction ever conveyed to Dr. Spirou. Spirou Dep. at 125:9–24, ECF No. 34-6. Rather, Dr. Spirou explained that any reference to the school needing a "new image" related to the desire to run the school professionally, "more like a money-making business." *Id.* at 125:9–24. Dr. Spirou also explained that she sometimes spoke with individual board members who were not acting on behalf of the board, but instead were expressing their "personal feelings" as parents of students in the school. *Id.* at 32:9–21, 69:6–8.

45. Regardless, there is no evidence that the board ever discussed the possibility of terminating plaintiff with Dr. Ferguson. Spirou Dep. at 142:14–16, 143:7–11, ECF No. 34-6; Pl. Dep. at 156:14–157:5, ECF No. 34-2. Further, plaintiff admits she has no evidence that Dr. Ferguson allowed the board to get involved in personnel decisions. Pl. Dep. at 189:18–190:4, ECF No. 34-2. And the unrefuted testimony shows that Dr. Ferguson made "every single" hiring and firing decision since joining the school. Collum Dep. at 82:2–19, ECF No. 34-9.

Dated: June 12, 2020

Respectfully submitted,

By: /s/ Michael A. Holt
Michael A. Holt
Florida Bar No. 91156
mholt@fisherphillips.com
Garrett S. Kamen
Florida Bar No. 125854
gkamen@fisherphillips.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard, Suite 800
Fort Lauderdale, Florida 33301
(954) 525-4800 Telephone
(954) 525-8739 Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2020, the foregoing document has been filed with the Clerk of the Court using the CM/ECF system and a true and correct copy has been provided to all counsel of record or unrepresented parties on the service list below by the method indicated.

/s/ Michael A. Holt
MICHAEL A. HOLT

## Service List

Gregory Sconzo
Andrea Sconzo
The Law Office of Gregory S. Sconzo, PA
5080 PGA Boulevard, Suite 213
Palm Beach Gardens, Florida 33408
greg@sconzolawoffice.com
andrea@sconzolawoffice.com

*Attorneys for Plaintiff*

(Service via ECF)

Michael A. Holt
Garrett S. Kamen
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard, Suite 800
Fort Lauderdale, Florida 33301
mholt@fisherphillips.com
gkamen@fisherphillips.com

*Attorneys for Defendant*

(Service via ECF)